UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN CLAY DRAKE,<br><br>    Plaintiff,<br><br>    v.<br><br>KARIM RASHEED, et al.,<br><br>    Defendants. | Case No. 18-cv-02284-WHO (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PAY THE FILING FEE OR PERFECT HIS IN FORMA PAUPERIS APPLICATION;**<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>Dkt. Nos. 7 and 8 |

    Plaintiff Dean Clay Drake has not complied with the Court's order to file a complete application to proceed *in forma pauperis* ("IFP") or pay the filing fee. The application lacks a prison trust account showing transactions for the last six months. On or before **September 4, 2018**, Drake must either pay the $400.00 filing fee, or file the prison trust account statement. No extensions of time will be granted. Failure to perfect his IFP application, or pay the filing fee, by the deadline will result in the dismissal of this suit for failure to prosecute. The current IFP application is DENIED as insufficient. (Dkt. No. 7.)

    Drake moves for the appointment of counsel. (Dkt. No. 8.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v.*

*Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2017 Annual Report 40 (2018), available at https://www.ca9.uscourts.gov/judicial_council/ publications/ AnnualReport2017.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

At least at this stage of the proceedings, Drake has not shown that exceptional circumstances exist. His filings are clear, and the suit does not present complex legal issues. Accordingly, Drake's motion for the appointment of counsel is DENIED. When I review a motion for summary judgment in this case, and can evaluate Drake's likelihood of success on the merits, I will reconsider the necessity of appointing counsel.

The Clerk shall terminate Dkt. Nos. 7 and 8.

**IT IS SO ORDERED.**

**Dated:** July 26, 2018

WILLIAM H. ORRICK
United States District Judge